IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| HYUNDAI CONSTRUCTION EQUIPMENT AMERICAS, INC., | : : : | |
| Plaintiff, | : : | CASE NO.: |
| vs. | : : | _____ |
| JORGE MONSALVE, | : : | |
| Defendant. | : : | |

## COMPLAINT

Hyundai Construction Equipment Americas, Inc. ("Plaintiff"), by and through its undersigned attorney, and files its complaint against Defendant Jorge Monsalve ("Defendant") and, as grounds therefore, states as follows:

## PARTIES

1. Plaintiff is a corporation organized and registered in the State of Illinois. Plaintiff's principal place of business and corporate office is located in Norcross, Georgia.

2. Defendant is an individual residing in Pinellas County whose principal residence is 2600 Pass-a-Grille Way, St. Petersburg Beach, Florida.

## JURISDICTION

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 as Plaintiff is an Illinois corporation with its principal place of business and corporate office in

Georgia; Defendant is an individual residing in Florida; and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

## VENUE

4.  Venue is proper in the Middle District of Florida, Tampa Division pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) in that Defendant resides in the Judicial District and Division and a substantial part of the events or omissions giving rise to this action occurred in this Judicial District and Division.

## FACTS COMMON TO ALL COUNTS

### Background of the Parties

5.  Plaintiff is in the business of distributing heavy construction equipment, vehicles, and parts manufactured by Hyundai Heavy Industries, Co. Ltd.

6.  Teknia Network & Logistics, Inc. ("Teknia") is in the business of selling and servicing heavy construction vehicles, equipment, and parts.

7.  This lawsuit arises out of a guaranty agreement executed by Defendant in favor of Plaintiff relating to a Dealer Agreement, as described below, with Teknia.

8.  Plaintiff entered into an Agreement (the "Dealer Agreement") with Teknia to supply heavy construction equipment to Teknia for marketing and selling. Pursuant to the Agreement, Plaintiff agree to provide construction vehicles, parts, and supplies to Teknia and Teknia agreed to pay for all vehicles, parts and supplies provided by Plaintiff. A true and correct copy of the Dealer Agreement is attached as Exhibit "A" and is incorporated herein by reference.

9. As security for these transactions, Teknia executed a Security Agreement (the "Security Agreement") in favor of Plaintiff granting a first priority security interest in, *inter alia,* all inventory and software heretofore or hereafter acquired by Teknia from Plaintiff by purchase, trade, consignment, bailment, lease, license, or otherwise, all goods owned by Teknia that bear a "HYUNDAI" trademark, all parts, attachments, accessions, and software, for or to any of the foregoing, and all proceeds of any of the foregoing (the "Collateral"). A true and correct copy of the Security Agreement is attached as Exhibit "B" and is incorporated herein by reference.

10. As further security and as the sole inducement and consideration to the execution of the Dealer Agreement, Defendant executed a personal Guaranty of Teknia's obligations to Plaintiff (the "Guaranty"). A true and correct copy of the Guaranty is attached as Exhibit "C" and incorporated by reference.

**Teknia Fails to Make Payments and Files for Bankruptcy Protection**

11. Teknia failed to make payments for equipment, vehicles, and parts that were delivered to Teknia.

12. On August 27, 2020, Teknia Network & Logistics, Inc. filed a petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Case No. 20-06479.[1]

---

[1] No claims are asserted in this Complaint against Teknia as it is currently protected from prosecution of same through the Bankruptcy Code's automatic stay.

13. Teknia's failure to make payments for equipment, vehicles, and parts and its bankruptcy filing resulted in a default under the terms of the Dealer Agreement and the Security Agreement.

14. Since a default occurred under the Dealer Agreement and the Security Agreement, a default occurred under the terms of the Guaranty.

15. Pursuant to the terms of the Guaranty, Defendant is liable for the payment of all outstanding obligations under the Dealer Agreement between Plaintiff and Teknia.

16. Pursuant to the Dealer Agreement, Teknia placed orders with Plaintiff for equipment, vehicles, and parts.

17. Plaintiff supplied product to Teknia upon review and approval of the orders.

18. Payment in full was due within thirty days of invoicing.

19. Plaintiff supplied products to Teknia during the calendar years of 2019 and 2020 and invoiced Teknia for the products.

20. Teknia defaulted on payment of invoices dating August 29, 2019 to present day (the "Invoices"). True and correct copies of the Invoices that remain unpaid are collectively attached as Exhibit "D" and are incorporated by reference.

21. The Invoices total $403,705.33.

22. Plaintiff has made a formal demand for payment of the Invoices. Teknia has refused to pay the outstanding balance owed to Plaintiff.

**Teknia and Defendant Converted the Collateral**

23. In addition, around the time of the filing of the Bankruptcy Case, Plaintiff had been conducting an audit of Teknia (the "Audit").

24. During the Audit, Plaintiff discovered that Teknia and Defendant had sold thirteen (13) of sixteen (16) equipment units purchased from Plaintiff, out of trust (the "Converted Collateral").

25. Teknia and/or Defendant has received amounts from the unauthorized sale of the Converted Collateral and not paid said amounts to Plaintiff pursuant to the terms of the Dealer Agreement, the Security Agreement, and the Guaranty.

## COUNT I – SUIT ON GUARANTY

26. Plaintiff incorporates by reference the prior paragraphs of this Complaint as if set forth verbatim herein.

27. Defendant is president of Teknia, and as inducement to the extension of credit and supplies and to provide further assurances, he agreed to execute the Guaranty in favor of Plaintiff.

28. Plaintiff relied on the Guaranty when extending credit and supplying equipment to Teknia.

29. As discussed above, Teknia is in default of the Dealer Agreement.

30. Pursuant to the terms of the Guaranty, Defendant unconditionally, absolutely, and irrevocably guaranteed payment of all liabilities and obligations incurred by Teknia under the Dealer Agreement.

31. As the personal guarantor of Teknia's debt and obligations under the Dealer Agreement, Defendant is responsible for payment of Teknia's outstanding indebtedness to Plaintiff.

32. As of the date of the filing of the Complaint, Teknia's debt to Plaintiff is $403,705.33. A true and correct copy of a current statement of account is attached as Exhibit "E" and is incorporated by reference.

33. Plaintiff is therefore entitled to judgment against Defendant in an amount not less than $403,705.33 plus pre-judgment and post-judgment interest, late fees and other amounts authorized by the Guaranty, the Dealer Agreement, and/or Florida law.

## COUNT II – CONVERSION

34. Plaintiff incorporates by reference the prior paragraphs of this Complaint as if set forth verbatim herein.

35. Teknia acquired the Converted Collateral pursuant to the terms of the Dealership Agreement and the Security Agreement.

36. Pursuant to the terms of the Security Agreement, the Converted Collateral could "not be transferred, disposed, or made subject to any paid charge, including taxes of any subsequent interest of a third party created or suffered by [Teknia], voluntary or involuntary, unless [Plaintiff] consents in writing to such charge, transfer or disposition."

37. Pursuant to the terms of the Guaranty, Defendant agreed to, *inter alia*, "the full and prompt performance and discharge of any and all present or future liabilities or obligations, of [Teknia] of every kind or nature, howsoever evidenced, owing to [Plaintiff], whether direct or indirect, primary or secondary, absolute or contingent, liquidated or unliquidated, matured or unmatured, arising out of or in connection with or with respect to any Agreement or other instrument or agreement entered into from time to time between [Teknia] and [Plaintiff]."

38. As guarantor of the debts and obligations of Teknia arising under the Dealer Agreement and the Security Agreement, Defendant owed a duty to Plaintiff not to dissipate the Converted Collateral of Plaintiff to his own benefit.

39. Defendant transferred or assisted with the transfer of the Converted Collateral to third parties.

40. Defendant transferred or assisted with the transfer of the Converted Collateral without the authority of Plaintiff.

41. Defendant has, without authority or justification, assumed and exercised the right of ownership of the Converted Collateral, as described above, and by his actions concurrently has denied Plaintiff access to its Converted Collateral.

42. Defendant specifically intended to deprive Plaintiff of the Converted Collateral.

43. The conversion of Plaintiff's Converted Collateral by Defendant was and is willful and malicious.

44. Plaintiff has been damaged as an actual and proximate result of the conversion of the Converted Collateral by Defendant.

45. Plaintiff is therefore entitled to judgment against Defendant in an amount to be proven at trial plus pre-judgment and post-judgment interest, as well as punitive damages.

## COUNT III – FRAUD

46. Plaintiff incorporates by reference the prior paragraphs of this Complaint as if set forth verbatim herein.

47. Defendant made representations, through the Guaranty, that he would not dissipate the Converted Collateral for his own benefit.

48. Defendant omitted from Plaintiff that he had sold or assisted in the sale of the Converted Collateral to third parties without the knowledge or consent of Plaintiff.

49. Defendant made these untrue representations to Plaintiff and omitted from Plaintiff these material facts with an intent to injure Plainitff, *inter alia*, the loss of the Converted Collateral.

50. Further, Defendant personally benefitted from the sale of the Secured Collateral to third parties.

51. Plaintiffs relied on the untrue representations and the omission of material facts

52. As an actual and proximate result of Defendant's fraud, Plaintiff has suffered an injury and damages, *inter alia*, the loss of the Converted Collateral.

53. Plaintiff is therefore entitled to judgment against Defendant in an amount to be proven at trial plus pre-judgment and post-judgment interest, as well as punitive damages.

### COUNT IV – ATTORNEY FEES AND COSTS OF LITIGATION

54. Plaintiff incorporates by reference the prior paragraphs of this Complaint as if set forth verbatim herein.

55. Section 1 of the Guaranty provides as follows:

> **Guarantor, unconditionally, absolutely and irrevocably guarantees the full and prompt payment to HCE (Hyundai Construction Equipment) …of all present or**

**future liabilities or obligations of the Debtor…together with any and all costs and expenses incurred by HCE in preserving, protecting or defending the enforceability of, or enforcing, this Guaranty or HCE's rights.**

56. Plaintiff has incurred attorney's fees and expenses associated with the cost of pursuing litigation to enforce its rights under the Guaranty.

57. Plaintiff has also incurred attorney's fees and expenses associated with Defendant's conversion and fraud set forth herein.

58. Plaintiff is therefore entitled to an award of attorney's fees and costs against Defendant.

WHEREFORE, Plaintiff respectfully requests that this honorable Court:

A. On Count I of the Complaint, enter judgment in favor of Plaintiff and against Defendant in the amount of $403,705.33 together with pre-judgment and post-judgment interest, late fees, and other amounts as provided for by the Guaranty, the Dealer Agreement, and/or Florida Law;

B. On Count II of the Complaint, enter judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial;

C. On Count III of the Complaint, enter judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial;

D. On Count IV of the Complaint, enter an award of attorney's fees and costs in favor of Plaintiff and against Defendant; and

E. Enter such other relief as this Court deems just and proper.

[Signature of counsel on following page]

Respectfully submitted, this 14th day of September, 2020.

           ROUNTREE, LEITMAN & KLEIN, LLC

           <u>/s/ Alice A. Blanco (Trial Counsel)</u>
           Alice A. Blanco
           Florida Bar No. 450359

           Century Plaza I
           2987 Clairmont Road, Ste. 175
           Atlanta, GA 30329
           Phone: 404-410-1155
           ablanco@rlklawfirm.com